```
             UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF TENNESSEE
                   NASHVILLE DIVISION
```

```
ANTONIO JONES                    ]
     Plaintiff,                  ]
                                 ]
v.                               ]      No. 3:12-0813
                                 ]      Judge Trauger
SOUTHERN HEALTH PARTNERS, et al.]
     Defendants.                 ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Robertson County Detention Center in Springfield, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Southern Health Partners, a contract provider of medical services for the Detention Center, and Janie Russell, a nurse at the Detention Center, seeking unspecified relief.

The plaintiff suffers from diabetes. On June 6, 2012, he went to the facility's clinic to check his sugar level. It was then that the plaintiff learned that the clinic had run out of insulin. Even though the plaintiff "didn't bottom out", he claims that the defendants were negligent for failing to keep an adequate supply of insulin on hand at the clinic.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution

or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908 (1981).

The plaintiff did not suffer as a result of a lack of insulin. Plaintiff alleges simply that the defendants were negligent because he might have suffered from their negligent conduct. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. <u>Estelle v. Gamble</u>, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. <u>Whitley v. Albers</u>, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); <u>Daniels v. Williams</u>, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge